BANBROOK-GOWAN CO. *v.* AINGER PRINTING CO.

CONTRACTS—BUILDING CONSTRUCTION—PERFORMANCE—ARCHITECT'S CERTIFICATE OF APPROVAL.

> In action to recover balance due under contract to construct an addition to defendant's building to house printing presses, in which defendant interposed set-off, recoupment and counterclaim based on claim that contract had not been performed in accordance with its terms, plans, and specifications, finding of court for plaintiff on issue of performance *held*, amply supported by record showing, among other things, a certificate of supervising architect approving work and materials binding upon defendant.

Appeal from Wayne; Reid (Neil E.), J., presiding. Submitted June 15, 1939. (Docket No. 97, Calendar No. 40,622.) Decided September 5, 1939.

Action by Banbrook-Gowan Company, a Michigan corporation, against Ainger Printing Company, a

Michigan corporation, for sums due on a contract for the construction of a building. Set-off, recoupment and counterclaim by defendant against plaintiff for alleged failure to construct building in accordance with contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Monaghan, Crowley, Clark & Kellogg* (*Bartlette E. Nutter,* of counsel), for plaintiff.

*John Hal Engel,* for defendant.

CHANDLER, J. This action was brought by plaintiff against defendant to recover a balance claimed to be due on account of a contract to construct an addition to defendant's building located at the corner of Gibson and Haynes streets in the city of Detroit. The case was tried by the court, without a jury, and resulted in the rendition of a verdict for the full amount claimed. Judgment was entered thereon, and this appeal followed.

The question involved, being solely one of fact, is whether or not there was performance by plaintiff of the building construction contract.

In the spring of 1936, defendant employed Harley & Ellington, Inc., to act as its architect and to prepare plans and specifications for the proposed building. Plans and specifications were accordingly prepared and were approved and accepted by defendant. Acting under instructions from defendant, the architect advertised for bids. Plaintiff was the successful bidder, and the defendant instructed plaintiff to proceed with the construction of the building in accordance with the written agreement then being prepared in triplicate. The work was commenced by plaintiff in the latter part of June, 1936, and completed during the first week of the following August.

The architect employed by defendant, and who was in charge of the work, issued to plaintiff certificates, certifying that it was entitled to payment under the terms of the contract for a completed construction and compliance.  Defendant says in its brief:

"There is no dispute concerning the net contract price, after allowing admitted credits and extras. This was $6,254.13, and the defendant having paid $4,000, there remains $2,254.13 as the balance unpaid.

"Defendant, however, claims in its answer, set-off, recoupment and counterclaim that plaintiff failed to perform its contract, particularly with regard to the erection of the concrete floor and concrete press foundations in the building addition, and that the floor and press foundations must be removed and replaced if it is to have what it contracted for; that the cost of such removal and replacement will be $2,802."

Plaintiff claimed that it performed the contract in accordance with its terms and the plans and specifications which were made a part thereof.

Each party produced a number of witnesses who respectively gave testimony in support of these conflicting claims.

The trial court, who heard the testimony and saw the witnesses, had an opportunity to determine, from their appearance on the witness stand and manner of testifying, to whom credit should be given, and found that plaintiff had fairly established its case. He thereupon entered judgment for the full amount claimed.

The court attached some significance to the fact that defendant's architect, Mr. Harley, gave testimony for plaintiff to the effect that the construction was complete in accordance with the plans and specifications prepared by his firm; that either he or some

other representative of his firm was present during a considerable part of the time as the work progressed; and that all work performed and material furnished was in accordance with the specifications.

The certificate of defendant's architect, as provided for in the contract, approving the work and materials in performance of the contract, is, in the absence of fraud, bad faith or mistake, binding upon defendant.

The judgment entered by the court finds ample support in the record.

Affirmed, with costs to plaintiff.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred.